## Appeal of Henry Sproul, Jr.

1. Where a testator, who was a surety upon an administration bond given by his son, bequeathed a legacy to his said son, the fact that said legatee was in default as administrator is a reason for withholding payment of the legacy until the contingent liability of the testator's estate for the legatee's default is discharged; but it is no reason for refusal to allow interest to accrue upon said legacy to which it would otherwise be entitled.

2. In such case, upon the distribution of the testator's estate, the interest due upon the legacy should be computed thereon, and the amount thus ascertained should be invested under the direction of the court until the legatee is entitled to receive the same, or until it is required to meet the liability of the testator's estate as surety on the administration bond of the legatee.

February 21, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Lycoming county :* Of January Term, 1884, No. 38.

Appeal of Henry Sproul, Jr., from a decree of said court dismissing his exception to the report of an auditor in the matter of the distribution of the estate of Henry Sproul, deceased, and confirming the auditor's report. This appeal was from the same decree as that appealed from in "Cornelia R. Sproul's Appeal," reported *supra*. The facts material to this case were as follows:

Henry Sproul, in his lifetime, became surety on an official bond given by his son, Robert C. G. Sproul, as administrator c. t. a., of the estate of John Snyder, deceased, late of Allegheny county, Pa. Said Henry Sproul, by his will, proved January 22, 1875, provided, inter alia, as follows:

"I give and direct that my son Robert shall receive five thousand dollars for services rendered to me and money advanced for me in payment of taxes on Duquesne borough, in the county of Allegheny."

Robert C. G. Sproul, the legatee in the above bequest, received from the executrix of the testator at different times sums amounting to $4,250, on account of said bequest. He then assigned to his son, Henry Sproul, Jr., all his remaining interest and title to said legacy, and in the estate of said testator.

Before the auditor (J. L. Meredith, Esq.,) of the first and partial account of the executrix of Henry Sproul, deceased, filed May 2, 1882, Henry Sproul, Jr., claimed by virtue of said assignment, to be awarded the sum of $750, being the balance of principal remaining due on said legacy to Robert C. G.

Sproul, together with interest on said legacy from the testator's death.

This claim was objected to by the residuary legatees on the ground that Robert C. G. Sproul was in default as administrator of the estate of John Snyder, deceased, to an amount exceeding the total sum claimed, and as the testator's estate was liable for said default by reason of the testator having been surety on said administration bond, the legacy could not be paid, either to the legatee or to his assignee, until such liability was discharged, and that no interest was allowable thereon in the meantime. It did not appear that the estate of the testator had paid or been called on to pay anything to make good the default of said Robert C. G. Sproul as administrator of Snyder.

The auditor sustained said objection to the claim of Henry Sproul, Jr., and, on the question of interest, held that as the unpaid balance of the principal of the legacy was justifiably withheld, neither the legatee nor his assignee (who stands in no better position than his assignor) was entitled to interest, which is only allowable for the "wrongful, unjust or unreasonable withholding of the principal after it has become the duty of the debtor to pay it." The auditor further held that "when the detention, as in this case, is attributable to the fault of the party claimant, interest ought not to be recoverable, even if the principal would, for a party cannot be allowed to take advantage of his own wrong."

The auditor therefore reported that the sum of $750, being the unpaid balance of the principal of said legacy, " be impounded in the hands of the executrix, and be paid to Henry Sproul, Jr., assignee of R. C. G. Sproul, when the estate of testator is exonerated from liability to the Snyder estate."

Exceptions filed by Henry Sproul, Jr., to this finding were dismissed by the court, and a decree was entered confirming the auditor's report, whereupon Henry Sproul, Jr., took this appeal, assigning for error the overruling of his exceptions and the said decree.

*R. P. Allen*, (*Malcolm Hay* with him,) for the appellant.

*Charles K. Geddes* and *Richard H. Thornton*, for the appellees.

Mr. Justice STERRETT delivered the opinion of the court, March 10, 1884.

While we fully agree with the learned auditor and court below that the liability of testator, as surety on the administration bond of his son, Robert C. G. Sproul, for the admitted

default of the latter, is a sufficient reason for temporarily withholding payment to appellant of the residue of the legacy bequeathed him by his father, we cannot assent to the conclusion that he was not entitled to claim interest on said residue. Apart from the liability of testator's estate to answer for Robert's default, as one of the administrators of John Snyder's estate, it is conceded the legacy to him, and by him assigned to appellant, would carry interest. It is claimed, not without reason we think, that the mere existence of that liability, without more, is not sufficient to justify the refusal of interest on the legacy; and yet the record fails to disclose any other or better reason. There is nothing to show that the fund, or any part of it, has been kept on hand uninvested, for the purpose of meeting the liability in question. For aught that appears, it has been invested or otherwise productive all the while. The testator died in January, 1875, and the executrix filed no account for more than seven years thereafter. In the meantime she paid the greater portion of the legacy to her brother Robert; and, if she considered it unsafe to pay more until the estate she represents was released from the liability referred to, she could have paid the balance into court, so that it might have been invested until it could be safely paid to appellant, or applied to Robert's indebtedness to the Snyder estate. But, she neither offered to pay the residue on condition that her testator's estate be released from liability, nor did she ask permission to pay it into court that it might be invested under its direction. There is nothing in the circumstances, as disclosed by the record, that should have the effect of suspending interest on the legacy. As already observed, it does not appear that the money necessary to pay the admitted balance was idle or unproductive in the hands of the executrix, and if it was, she alone is to blame for the result.

In ascertaining the balance due on the legacy, interest should be computed thereon, and the amount thus ascertained should be invested under the direction of the court until appellant is entitled to receive the same, or until it is required to meet the liability of testator's estate as surety on the administration bond of the legatee.

> Decree reversed at the costs of appellees, and record remitted with instructions to modify the schedule of distribution in accordance with the foregoing opinion.