(Clark County, Ohio, Probate Court.)

EXCEPTIONS TO ACCOUNT OF JOHN W. ELLIS, ADMR., Etc. JOHN ELLIS.

*Debt and liability from heir, etc., to estate—*
1. The administrator or executor of a deceased person's estate has a right to retain out of the distributive share of an heir or legatee, an amount equal to all the debts owing by the heir or legatee to the estate. The right exists whether the heir or legatee was indebted to the deceased before his death, or contracted a liability to the estate thereafter, or became in any way indebted to the estate at any time.

*Rules of equity applied—*
2. The settlement and distribution of estates, belonging to courts of equity rather than to courts at law, the principles and doctrines of equity will be applied to matters arising therein.

*A debt due from an heir is an asset—*
3. A debt due from an heir or legatee to an estate is an asset of such estate, and where the distributive portion of such heir or legatee is equal to, or greater than such debt, the administrator or executor should charge himself with the full amount of the same.

---

ROCKEL, J.

In the second account filed herein, the administrator charges the administrator of a deceased heir, with a note which the heir owed the father, and also with liability incurred by the father as surety of the heir. The administrator of the deceased heir objects that these amounts should be deducted out of the distributive share of the heir, and insists that the same should be paid to him, and then the administrator of the father

should present the claims to him for allowance or rejection as the case might require.

The note was executed by Ellis, Jr., to Ellis, Sr., in 1874. In 1879, Ellis, Sr., made a will, which gave all his property to his wife during her natural life, and after her death the real estate was to be sold and the proceeds of that as well as the personalty divided equally among his children.

In January, 1881, the note upon which Ellis, Sr. was surety for Ellis, Jr., was executed, and in July of the same year, Ellis Sr., died. In July, 1889, judgment was recovered against Ellis, Jr., as principal, and the estate of Ellis, Sr., as surety, and in January, 1891, Ellis, Jr., died without having satisfied either the judgment against him and his father's estate, or having paid the note due the said estate, nor was there ever any execution issued on the judgment. In February, 1891, the widow of Ellis Sr., died. The Court of Common Pleas in construing the will, held that Ellis Jr., held an interest in the estate that vested at the time of his father's, and not the widow's death. The judgment against Ellis Jr., upon which the father was surety, was not paid by the son's administrator, for the reason that there was no money in his hands to pay the same. The costs of administration, funeral expenses, and the widow's allowance, will take all of the estate of Ellis Jr., so that, even if the distributive share coming to him is paid his administrator, there should be nothing left for general creditors, or if anything, but a very small per cent. Therefore, if in this case the administrator of the father's estate can not retain the amount owing the estate from the son on the note given by him to his father, and also the amount of the judgment against the son as principal and the estate of the father as surety, the father's estate will certainly lose the sum so paid. Neither one of those claims are advancements within the meaning of the law. It is not seriously contended by the son's administrator, that the amount on the note to the father's estate should not be deducted from his distributive share. But as to the liability of the father's estate, as surety for the son, it is claimed that the father's estate not paying said judgment and no execution having been issued against the son on the judgment during his life-time, and a return made that it could not be collected from him, and thus the liability of the father's estate become fixed during the life of the son, that no cause of action or demand against the son existed by his death, which is a proper subject of a set-off. In support of this claim he cites Granger's Admr. v. Granger, 6 Ohio, 35, where in the opinion (43) it is said: "The next question propounded to us is,

in a suit by administration, upon his intestate's claim, can the defendant set off a demand for money paid after the death of the intestate upon a liability entered into by the defendant, as surety for the intestate? Our judgment resolves the question in the negative. No cause of action or demand against the intestate existed at the time of his death. A liability only was incurred upon which, on the contingency of the security being compelled to pay for the intestate, he would have a right of action for his indemnity. A bare possibility, that in a certain future contingent event, he would have a demand, is not a debt due from the intestate, and such claim has not the mutuality required for a set-off. Such a demand, though good against the estate, can only look to the general assets for satisfaction. To allow it to be off-set, would change the course of distribution of intestate's estate."

Whether or not this decision is applicable to the present statute upon the subject, I am not prepared to say, or whether the same would now be considered as good law, but it is certainly true, that the weakness of the reasoning of the court for its conclusion is about on a par with its injustice.

In Follett, Admr. v. Borger, 4 Ohio St., 592, it was said: "That a mere contingent liability, not even reduced into a judgment, as surety for the assignor, is not a demand on him, would seem to be sufficiently obvious, and where nothing more exists at the date of the assignment and the assignor is solvent, a subsequent payment of the surety in discharge of such liability will not give him a right of set-off as against the assignee."

This as much as intimates that if the liability had been reduced to judgment, or, if the assignor was insolvent, both of which conditions exist in the present case, the decision might be different.

The case of Fuller v. Stieglitz, 27 Ohio St., 355, seems, however, to apply the same rule where the assignor is insolvent. But there are several reasons why the doctrines enunciated and following in those cases should not be applied to the case at bar, where the harsh and sometimes unjust rules of the common law are applied. The settlement and distribution of estates falls peculiarly within the province of a court of equity where less stringent rules are enforced and more equitable doctrines promulgated. That there is such a distinction, the following from Baker v. Kinsey, 41 Ohio St., 409, fully substantiates. The situation was this: "Baker was in danger of losing his entire debt for which these notes were given, on account of the insolvency of the makers. At the same time he was in danger of being compelled to pay the debt due to one of these makers. The injustice of allowing this

is manifest, and gives rise to an equity in his favor to insist on a set-off, notwithstanding he had no such right at law. (Pond v. Smith, 4 Com., 297). Prior to the code system a court of chancery enforced this right. Under the code (5071, Rev. Stats.,) defenses legal and equitable are preserved. And 5076 Revised Statutes provides for making a new party if necessary to a final decision upon a set-off, if, owing to the insolvency or non-residence of the plaintiff, or other cause, the defendant will be in danger of losing his claim, unless permitted to use it as a set-off. This provision refers exclusively to an equitable set-off, and seems to recognize the precise equity we are considering." In the recent case of Armstrong, Receiver v. Warner, 28 Bull., (49 Ohio St.), 205, it is said: "The remedy of set-off has been much enlarged in equity, and is there administered in cases where under the strict rules at law, it would not be available."

In Pomeroy's Equity, 541, occurs the following:

"A legacy from a creditor to his debtor, unaccompanied by language in the will, or exterior to it, expressly showing the special intent, whether equal or greater, or less than the debt, raises no presumption whatever, either of law or of fact, that the testator intended thereby to excuse, release, or discharge the debt, so that the legatee would be entitled to claim and receive the whole amount bequeathed, but would be freed from all liability to pay the debt. * * *.

"A court of equity, in order to prevent this circuity of action, may permit the executors to set-off the debt against the demand made on them for the legacy."

In Woerner Am. Law of Administration, we find that (§ 564) "The indebtedness of a legatee or distributee constitutes assets of the estate which it is the duty of the administrator or executor to collect for the benefit of the creditors, legatees and distributees. Hence, such indebtedness may be deducted from any legacy or distributive share of the debtor. * * *.

"The right of set-off exists whether the legatee or distributee was indebted to the deceased before his death, or contracted a liability to the estate, or even the administrator personally, thereafter. So it is held that a son is not entitled to receive his distributive share of his father's estate, where the father was surety for him in an amount greater than the face value of said share, although the executor did not pay the surety debt until after action brought by the son." And even where under similar circumstances, the administrator for whom the testator stood as surety, was in default, the executor was held right in refusing to pay the legacy to such administrator

until the contingent liability was discharged.

Sproul's Appeal, 105 Pa. St., 442.

The position of these eminent authorities amply sustains the administrator of Ellis Sr., in charging to the distributive share of Ellis Jr., the amount of the note which he owed his father, and also the amount of the note and judgment upon which Ellis Sr. stood as surety for Ellis Jr.

To do otherwise would not result in the meeting of justice and equity which ought always in such cases to prevail.

It was the intention of the testator in this case, as it always is, at law, that the heirs should share equally.

The note that the administrator of Ellis Sr.'s estate held against Ellis Jr.'s, should be charged up as assets of the estate at its full amount.

All questions as to jurisdiction in this cause have been waived.

W. A. Scott, for Admr. of Ellis Sr.
H. B. Rannels, for Admr. of Ellis Jr.